IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | ORDER |
| Plaintiff, | |
| v. | 15-cr-21-wmc-1 |
| IFEANYICHUWU IKEGWUONU, | |
| Defendant. | |

---

Defendant Ifeanyichuwu "Jack" Ikegwuonu has filed a superseding motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), having exhausted his request for a reduction within the Federal Bureau of Prisons. (Dkt. ##129, 129-1.) Specifically, he seeks a sentence of "time served," with up to the first six months of supervision to be served in a halfway house before moving into his mother's house in Madison, Wisconsin. The government opposes defendant's motion on the grounds that: (1) his principal argument for release (a change in the law following his sentencing) does not qualify as an "extraordinary and compelling reason" for release under § 3582(c)(1)(A); and (2) if the court disagrees, Ikegwuonu remains a danger to the community. (Dkt. #130.) After reviewing the parties' briefing, Ikegwuonu's motion will be granted in part and denied in part for the reasons set forth below.

BACKGROUND

On February 20, 2015, Jack Ikegwuonu and his brother Chukwuemeka "William" Ikegwuonu were each charged with five counts of armed robbery in violation of 21 U.S.C.

1

§ 1951, as well as one count of brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). After Jack Ikegwuonu pleaded guilty on March 11, 2015, he faced a mandatory minimum sentence of 84 months for the brandishing charge, and an advisory guideline range of an additional 63-78 months for the armed robbery counts.

Ikegwuonu's defense counsel requested the minimum amount of prison time, due to Ikegwuonu's impressive academic and athletic achievements, supportive family, and timely plea, as well as because the crimes were committed in a burst of stupidity while he and his brother were strung out on and addicted to heroin, as opposed to committed by organized crime or gang members. Although the government acknowledged the brothers' addiction at the time of the robberies, it also rightly emphasized the traumatic impact of the robberies on the victims, who were unaware the gun used was not loaded. The government also noted the majority of heroin addicts do not commit the kind of armed robberies committed by the Ikegwuonus.

On June 22, 2015, the court sentenced Jack Ikegwuonu, emphasizing that it was bound by the Seventh Circuit's ruling in *United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007), which required that the court not consider the 84-month, mandatory minimum prison sentence imposed for the brandishing conviction when sentencing on the robbery counts. Thus, the court sentenced Ikegwuonu to 114 months in prison, concluding that his crimes of conviction did not appear to be indicative of his character, but rather a function of his and William's profound addiction, which began with pain killers prescribed for each of their lingering football injuries and, as sometimes happens, began a frighteningly

2

rapid descent into full-blown addiction to heroin. (Dkt. #91, at 56.)

In particular, the court concluded that Ikegwuonu's conduct was "out of character and conflict[ed] with how he was raised and what he ha[d] accomplished in his life up to the point of his crime spree." (Dkt. #77, at 4.) The court further commented "that I would have given a substantially lower sentence but for the mandatory nature of Section 924 of Title 18," then noted in particular, that "I can't imagine more than five years in prison is going to be of any benefit to [Ikegwuonu] or society." (Dkt. #91, at 64, 72.) Nevertheless, consistent with the law in effect at the time of sentencing, the court imposed a *nine and a half* year sentence, making Ikegwuonu's current, projected release date October of 2022.

In contrast, the court sentenced William Ikegwuonu to 108 months, in recognition of the fact that he used a firearm only once during the robberies, and even then in a less threatening way than Jack had. (Dkt. #91 at 55.) During their time served in prison, the Ikegwuonus suffered devastating losses: first, the death of their father; and second, the death of their only sister to sickle cell anemia. The latter despite William providing his bone marrow for a transplant while incarcerated.

Now, their mother is suffering from pelvic cancer. Principally, as a result of these losses, including in particular the possibility that Jack could miss his remaining opportunity to spend time and grieve with his mother, but also in recognition of the court's view that Ikegwuonu's sentence was unnecessarily harsh at the time (and especially now after the change in the law), this court will grant his request for compassionate release, at least in part.

3

OPINION

As amended by the First Step Act, Section 3582(c)(1)(A) authorizes courts to reduce a term of imprisonment if: "defendant has fully exhausted all administrative rights," and the court finds "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," as well as "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. 3582(c)(1)(A). The applicable policy statement issued by the Sentencing Commission further states that a term of imprisonment may be reduced if:

> [A]fter considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that --
> (1) extraordinary and compelling reasons warrant the reduction . . .
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. Finally, the Court of Appeals for the Seventh Circuit recently held that the Sentencing Commission's policy statement, which expressly relates to motions brought by the BOP, is not applicable to motions brought by defendants, but nevertheless provides a "working definition of 'extraordinary and compelling reasons,'" and thus may guide a court's exercise of discretion. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

As noted, Ikegwuonu seeks compassionate release principally because of the change in law brought about by the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), which overruled *Roberson* and concluded that courts may consider the mandatory minimum sentence required by § 924(c) in arriving at an overall sentence for

4

the robberies.[1] In particular, had Ikegwuonu been sentenced after *Dean*, the court would have had the authority to impose a sentence lower than the 114-months it felt bound to impose by *Roberson*. Since this court made clear at sentencing that it would have imposed a lower sentence but for *Roberson*, *and* Ikegwuonu currently is eligible for halfway house placement in approximately 21 months, Ikegwuonu's position is that a sentence of time served is merited, with the first six months of his supervised release to be served at a halfway house. In opposition, the government argues that the *Dean* decision was not so significant as to render Ikegwuono's sentence unduly harsh.

As illustrated by this court's statements at sentencing, and in its order granting his brother's motion for compassionate release, there is no question that the court's 114-month sentence would have been shorter but for the now overruled guidance in *Roberson*. Further, the court notes that the Second and Fourth Circuits, along with numerous district courts, agree that this change in the law may be properly considered under the extraordinary and compelling inquiry -- in particular, with respect to whether the defendant is serving a sentence that Congress would deem "dramatically longer than necessary or fair." *United States McCoy*, 981 F.3d 271, 281-82 (2d Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 238 (2d Cir. 2020).

Although this change in the law bears on the court's consideration of the defendant's pending motion, that change is not front of mind as the court considers his request. Far

---

[1] Ikegwuonu has also filed a motion to vacate under 28 U.S.C. § 2255, raising this same argument. (Dkt. #103.) However, that motion will de denied for lack of merit, since it was untimely under §2255(f) *and Dean* is not retroactive. *See Worman v. Entzel*, 953 F.3d 1004, 1008-09 (7th Cir. 2020) (holding that *Dean* does not apply retroactively to cases on collateral review).

from it. Rather, the court is most persuaded by the fact that, while Ikegwuonu and his brother were serving their unquestionably lengthy sentences, already a body blow to their once close-knit family, they suffered a further unique set of tragedies. In particular, beyond even the loss of his father and sister, Ikegwuonu's mother is going through cancer treatments.

Although the court is unaware of the details of her treatment or prognosis, there is no question the presence of her son could work to her benefit, if only to afford them both additional time together to grieve over the family's collective losses. Moreover, Ikegwuonu's seemingly sincere expressions of regret at having let his family down, particularly his father, and his resolve to care for his mother for whatever time she may have left, are further compelling factors for a reduction of sentence.

Understandably, the government also opposes the present motion on the ground that Ikegwuonu remains a danger to the community, relying on his past addiction, and rightly arguing that it neither excuses nor explains five armed robberies, during some of which a firearm was brandished. Ikegwuonu's crimes of conviction were unquestionably dangerous and indefensible. Moreover, the court surmised that Jack Ikegwuonu was the motivating force behind these robberies, having gone into the stores more often and brandished a firearm twice. Nonetheless, the court is unconvinced that Ikegwuonu's crimes were an accurate reflection of his true character, such that he remains a danger to the community, provided he pursues treatment and is able to maintain his sobriety upon release. Accordingly, just as when sentencing Ikegwuonu in 2015, the court finds that

Ikegwuonu's tragic, downward spiral into a self-destructive robbery spree was principally, if not exclusively, fueled by his heroin addiction. (*See* dkt. #77, at 4.)

The only factor working against Ikegwuonu's immediate release is his mixed performance while incarcerated. In particular, while he completed a drug education program in 2020, he voluntarily declined the Residential Drug Abuse Program despite his apparent eligibility to participate. He also appears to have lost a total of 108 days of good conduct time for various violations, including: possessing K2/synthetic marijuana (June 2020); possessing a hazardous tool- a lighter (December 2018); possession of narcotics (June 2016); and abusing phone privileges (August 2015).

But for this mixed record, the court would have been willing to consider a direct placement back into his mother's home. Hopefully, Ikegwuonu can demonstrate a true commitment to sobriety while in residential treatment and accelerate his placement in her home. Of course, the court cannot emphasize enough the importance of defendant's compliance with *all* terms and conditions of his release, should he wish for that to occur and, as importantly, remain on release, especially the conditions for complete sobriety, participation in drug abuse treatment, and absolutely no altercations of *any* kind. As his brother will hopefully confirm, the Probation Office will give Ikegwuonu every opportunity it can for him to succeed, while holding him accountable for any missteps.

Regardless, however, the information before the court does not suggest Ikegwuonu remains a danger to the community under appropriate supervision, and the court is inclined to agree that granting his release satisfies the § 3553(a) factors at this point in his sentence. Accordingly, the court will grant Ikegwuonu's motion and reduce his term of incarceration

to time served, effective 6 weeks from the date of this order to ensure defendant's placement at a residential reentry center for up to 180 days immediately following his release from BOP custody. Should Ikegwuonu test positive for COVID-19 during that period of time, the government may notify the court and seek an extension of the release date for a time when Ikegwuonu tests negative and displays no symptoms.

ORDER

1) Defendant Ifeanyichuwu Ikegwuonu's motion for compassionate release (dkt. #129) is GRANTED IN PART AND DENIED IN PART as follows: His term of incarceration is reduced to time served, effective April 7, 2021. Regardless, consistent with the new, additional conditions set forth below, Ikegwuonu is not to be released from custody unless space is available in a residential reentry center by that date. If no immediate space is available, the Bureau of Prisons is to release defendant as soon after that date as a space in a residential reentry center becomes available.

2) The following conditions of supervised release are added to those set at the sentencing hearing on June 22, 2015:

   a. Spend the first 180 days of supervision in a residential reentry center. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of defendant's gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. Probation Officer.

   b. Once defendant is released from the residential reentry center, he shall participate for a period of 90 days in a location monitoring program that shall include global positioning system (GPS) monitoring. Defendant shall abide by the technology requirements implemented at the direction of the supervising U.S. Probation Officer. Defendant shall be responsible for the cost of location monitoring. During this period, defendant shall remain at his approved residence at all times, except for activities *pre-approved* by the supervising U.S. Probation Officer, including: employment and education purposes; religious services; medical, mental

8

health, and substance abuse treatment; attorney visits; and court appearances.

3) Ikegwuonu's motion to vacate under 28 U.S.C. § 2255 (dkt. #103) is DENIED.

Entered this 24th day of February, 2021.

                BY THE COURT:

                _____
                WILLIAM M. CONLEY
                District Judge